Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone: (619) 346-4612
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Angelina Donez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angelina Donez,<br><br>        Plaintiff,<br><br>vs.<br><br>Unifin, Inc.; and Does 1-5.<br><br>        Defendants. | Case No. 21-cv-4751<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Complaint                         Case # 21-cv-4751

-1-

## I. Introduction

1. Plaintiff Angelina Donez, ("Donez" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendant Unifin, Inc. ("Unifin") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

6. This action arises out of violations by Defendant of the FDCPA under 15 U.S.C. §1692, *et seq.* Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d).

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)2.

## III. Parties

*9.* Plaintiff is a natural person residing in Fremont, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a

natural person purportedly obligated to pay a consumer debt, allegedly owed to LVNV Funding, LLC (hereinafter "Debt").

10. Plaintiff is informed and believes that Defendant Unifin is and was at all relevant times a Illinois corporation with its corporate address at 5996 West Tuohy Avenue, Suite 2000, Niles, IL 60714, whose principal purpose is to collect money on the debts it purchases, and as such Unifin is a "debt collector" under 15 U.S.C. §1692a.

## IV. Facts Common to all Claims for Relief

14. On November 18, 2019, Unifin sent a collection letter to Plaintiff claiming that an account was due and owing to LVNV Funding, LLC with a total balance of $2,533.37, account # XXXXXXXXXXXX8319 (Exhibit 1). On that letter, Unifin provided an email address, myaccount@unifinrs.com, for correspondence.

15. On January 8, 2020, through her counsel Scott M. Grace, Plaintiff notified Unifin by email that Mr. Grace now represented her in all matters regarding the alleged account.

16. On June 25, 2020, Unifin sent a collection letter to Plaintiff, which was delivered to her personal address, not Scott M. Grace's office (Exhibit 2).

17. By continuing to contact Plaintiff after express notice from Plaintiff's counsel that Plaintiff was represented by counsel and advising Defendant to direct all communications to Plaintiff's counsel, Defendants caused Plaintiff anxiety and confusion as to whether Plaintiff's counsel had ceased representation of Plaintiff, and whether or not Defendants refused to honor Plaintiffs request to direct communications to her counsel.

18. By engaging in the foregoing conduct, the natural consequence being harassment and oppression of Donez, in connection with the collection of a debt, Defendant violated 15 U.S.C. §1692c and 15 U.S.C. §1692d.

19. Plaintiff was harmed by Defendant's conduct because Defendant's improper debt collection practices caused unnecessary confusion, complications and

caused actual damages to Plaintiff by forcing her to have to send numerous notifications regarding Plaintiff's representation by counsel.

## FIRST CLAIM FOR RELIEF
## (Violations of the FDCPA)

20.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

21.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a.     15 U.S.C. §1692c by continuing to contact Plaintiff after receiving notice that Plaintiff is represented by an attorney;

    b.     15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

22.     Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

1.     An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for the Plaintiff;

2.     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for the Plaintiff;

3.     An award of costs of litigation and reasonable attorney's fees against Defendant and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

## JURY DEMAND

1.     Plaintiff demands a trial by jury.

Date: June 22, 2021                              /s/Scott M. Grace
                                                 Scott M. Grace
                                                 Attorney for Plaintiff